IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREGORY SCOTT HENDERSON                                                          PLAINTIFF

v.                                          Civil No. 6:13-cv-06147

SHERIFF DAVID NORWOOD;
NATHAN GREELEY; TERRY WEST;
DOUG WOODS; and RAY HOBBS                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Gregory Henderson pursuant to 42 U.S.C. § 1983.  According to Plaintiff's address of record he is currently incarcerated in the Department of Community Correction in Little Rock, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court are Defendants' Motions to Dismiss (ECF Nos. 17, 20), and Plaintiff's failure to comply with a Court order, and Plaintiff's failure to prosecute this matter.  After careful consideration, the Court makes the following Report and Recommendation.

**1.      BACKGROUND**

Plaintiff filed his Complaint on December 30, 2013.  ECF No. 1.  In his Complaint, Plaintiff claims Defendants violated his constitutional rights by denying him medical care and access to a law library, and by overcrowding of the Ouachita County Detention Center ("OCDC").

At the time he filed his Complaint, Plaintiff was incarcerated in the OCDC.

On December 30, 2013, Plaintiff notified the Court that he was transferred to the Ouachita River Unit of the Arkansas Department of Correction ("ORU"). ECF No. 5. On January 14, 2014, the Court received mail sent to Plaintiff at the ORU returned as undeliverable and marked "no longer at this address." On January 28, 2014, Plaintiff notified the Court that he was transferred to the Delta Regional Unit of the Arkansas Department of Correction ("DRU"). The Court changed Plaintiff's address of record accordingly. ECF No. 8. On March 4, 2014, Plaintiff notified the Court that he was transferred from the DRU to the Department of Community Correction Veteran Affairs Program in Little Rock ("DCC"). The Court changed Plaintiff's address of record accordingly, and this DCC address remains Plaintiff's address of record. ECF No. 13.

On March 25, 2014, Defendant Hobbs filed a Motion to Dismiss seeking a judgment as a matter of law. ECF No. 17. Plaintiff has never responded to this Motion.

On July 7, 2014, Defendants Norwood, Greeley, West, and Woods filed a Motion to Dismiss Pursuant to Local Rule 5.5(c)(2). In this Motion, Defendants represent to the Court that Plaintiff has failed to keep Defendants apprised of his current address and failed to participate in discovery in this matter. Specifically, Defendants attempted to serve discovery on Plaintiff on March 31, 2014 and June 18, 2014. These mailings were sent to Plaintiff at his address of record at the DCC. Both mailings were returned to Defendants' counsel marked "Return to Sender - Attempted - Not Known Unable to Forward." Defendants have not been able to effect service of discovery requests on Plaintiff. ECF No. 22. Plaintiff has never responded to this Motion.

Plaintiff has not communicated with the Court since March 2014 when he notified the Court he was transferred to the DCC. ECF No. 13. The only address the Court has for Plaintiff is his current address of record at the DCC.

2.  APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v.*

3

*City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3.  **DISCUSSION**

Plaintiff has failed to comply with the Court's December 30, 2013 Order which advised him that it was his responsibility to immediately inform the Court of any address changes and failure to do so could result in dismissal of this case. ECF No. 3. Further, Plaintiff has failed to prosecute this matter. Plaintiff has not responded to either pending Motion to Dismiss and he is not participating in discovery with Defendants. Finally, Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

4.  **CONCLUSION**

For the foregoing reasons, I recommend Defendants' Motion to Dismiss Pursuant to Local Rule 5.5(c)(2) (ECF No. 20) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter. Further, Defendant Hobb's Motion to Dismiss (ECF no. 17) should be **DENIED** as moot.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of February 2015.**

>/s/ Barry A. Bryant
>HON. BARRY A. BRYANT
>UNITED STATES MAGISTRATE JUDGE